REED SMITH LLP
Christopher A. Lynch
599 Lexington Avenue, 22nd FL
New York, New York 10022
Tel:  (212) 521-5400
Fax:  (212) 521-5450
Email: clynch@reedsmith.com

*Attorney for TD Bank, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
TD BANK, N.A.,                                         :
                                                       :
        Plaintiff,                                 :   Civil Action No. 17-civ-
                                                       :
  -against-                                           :
                                                       :
GARY B. FLOM, VENIAMIN NILVA, and                      :   **COMPLAINT**
ALEXANDER BOYKO,                                       :
                                                       :
        Defendants.                                :
-------------------------------------------------------------x

Plaintiff, TD Bank, N.A. ("Plaintiff"), by and through its counsel, Reed Smith LLP, as and for its complaint against Defendants, Gary B. Flom ("Flom"), Veniamin Nilva ("Nilva"), and Alexander Boyko ("Boyko" and, together with Flom and Nilva, the "Defendants"), alleges as follows:

## THE PARTIES

1. Plaintiff is a national banking association, organized and existing under the laws of the United States, with its main office at 2035 Limestone Rd., Wilmington, DE, with branches in the State of New York including within this District.

2. Upon information and belief, defendant Flom is a natural person residing at 50 Riverside Blvd., #10A, New York, NY 10169.

3. Upon information and belief, defendant Nilva is a natural person residing at 3201 NE 183rd Street #2004, Aventura, FL 33160.

4. Upon information and belief, defendant Boyko is a natural person residing at 3201 NE 183rd Street #2302, Aventura, FL 33160.

## JURISDICTION AND VENUE

5. This Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that Plaintiff and the Defendants are of diverse citizenship and the matter in controversy exceeds $75,000, exclusive of interest and costs. Specifically, for purposes of diversity citizenship, as a National Association, Plaintiff is a citizen of Delaware where it has its main office. Flom is a citizen of New York, and both Nilva and Boyko are citizens of Florida. The amount due and owing under the Guarantees (as defined below) exceeds $75,000. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## BACKGROUND

**A.   The Agreements**

6. On or about May 22, 2012, Plaintiff and Bay Ridge Automotive Company, LLC, a New York limited liability company, ("Bay Ridge")[1] entered into a Loan and Security Agreement whereby, among other things, Bay Ridge agreed to borrow funds from Plaintiff, and Plaintiff agreed to loan funds to Bay Ridge, on the terms and conditions contained therein (as amended, the "Loan Agreement")[2]. A true and correct copy of the Loan Agreement is attached hereto as Exhibit A and is incorporated herein by reference.

---

[1] On July 10, 2017, Bay Ridge filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), thereby commencing Case No. 17-11908-mew in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Pursuant to Section 362(a) of the Bankruptcy Code, Plaintiff is stayed from pursuing outside the Bankruptcy Court any claims it may have against Bay Ridge and Plaintiff is only proceeding in this Court with respect to its claims against non-debtor Guarantors.

[2] Capitalized terms not otherwise defined in this complaint have the meaning ascribed to them in the Loan Agreement.

7. On or about May 22, 2012, as contemplated by the Loan Agreement, Bay Ridge executed and delivered a promissory note in favor of Plaintiff in the original principal amount of $3,000,000 (the "Note" and, together with the Loan Agreement, the "Loan Documents"). A true and correct copy of the Note is attached hereto as Exhibit B and is incorporated herein by reference.

8. To induce Plaintiff to extend credit to Bay Ridge, on or about May 10, 2012, Flom and Nilva each executed and delivered to Plaintiff an Unconditional Guarantee to which Flom and Nilva unconditionally guaranteed to Plaintiff the prompt payment and performance when due of all of Bay Ridge's obligations to Plaintiff under the Loan Documents. A true and correct copy of the foregoing Guarantees made by Flom and Nilva are attached hereto as Exhibits C (the "Flom Guarantee") and D (the "Nilva Guarantee"), respectively, and are incorporated herein by reference.

9. On or about July 15, 2015, Bay Ridge and Plaintiff entered into a First Amendment to Loan and Security Agreement for the purposes of revising the financial reporting requirements under the Loan Agreement and adding Boyko as a Guarantor of the loan evidenced by the Loan Documents (the "First Amendment"). A true and correct copy of the First Amendment is attached hereto as Exhibit E and is incorporated herein by reference.

10. As contemplated by the First Amendment, and as further consideration for Plaintiff entering into the same, on or about July 15, 2015, Flom and Nilva executed an Acknowledgment and Reaffirmation of Unconditional Guarantee (the "Guarantee Reaffirmation") pursuant to which Flom and Nilva, among other things, reaffirmed, ratified, confirmed and acknowledged their liability and Plaintiff's rights under the Flom Guarantee and the Nilva Guarantee, respectively. A true and correct copy of the Guarantee Reaffirmation is

attached hereto as Exhibit F and incorporated herein by reference.

11. As contemplated by the First Amendment, and as further consideration for Plaintiff entering into the same, on or about July 15, 2015, Boyko executed and delivered to Plaintiff an Unconditional Guarantee pursuant to which Boyko unconditionally guaranteed to Plaintiff the prompt payment and performance when due of all of Bay Ridge's obligations to Plaintiff under the Note (the "Boyko Guarantee" and, together with the Flom Guarantee and the Nilva Guarantee, the "Guarantees"). A true and correct copy of the Boyko Guarantee is attached hereto as Exhibit G and incorporated herein by reference.

12. Pursuant to the Note, after the passage of an interest only period, Bay Ridge is required to make loan payments to Plaintiff in the amount of $21,492.09 per month.

13. The failure to make a payment on the Note when due constitutes a default under the Loan Documents. *See* Ex. A § 4.

14. Upon the occurrence of a default, Plaintiff may at its option, accelerate the Note and declare all amounts owed under the Note immediately due and payable without notice or demand. *See* Ex. A § 5.

15. Pursuant to the Guarantees, Plaintiff is not required to seek payment from any other source before demanding payment from Guarantors.

16. Pursuant to the Guarantees, Guarantors are joint and severally liable for the obligations under the Note.

17. Pursuant to the Guarantees, Guarantors promised to pay all expenses Plaintiff incurs to enforce the Guarantees including, but not limited to, attorneys' fees and costs.

**B.     The Defaults**

18.     Bay Ridge is in default under the terms of the Loan Documents for failing to make payments under the Note when due.

19.     On June 7, 2017, Plaintiff sent Bay Ridge and Guarantors a written notice of Default (the "Default Letter").  A true and correct copy of the Default Letter is attached hereto as Exhibit H and is incorporated herein by reference.

20.     In the Default Letter, Plaintiff provided formal notice of payment default due to Bay Ridge's failure to make the monthly payments of principal and interest for each of April 1st, May 1st, and June 1st, 2017 (the "Default").

21.     Neither Bay Ridge nor the Guarantors cured the Default noticed in the Default Letter.

22.     Accordingly, on June 28, 2017, Plaintiff provided formal notice to Bay Ridge and the Guarantors that Plaintiff had elected to accelerate the Obligations under the Loan Documents and demanded the immediate payment of all Obligations (the "Acceleration Letter").  A true and copy of the Acceleration Letter is attached hereto as Exhibit I and incorporated herein by reference.

23.     As detailed in the Acceleration Letter, as of May 15, 2017, the amount due and owing under the Loan Documents and Guarantees (in addition to Costs and Expenses as specified in Section 7.6 of the Loan Agreement, and additional interest and late charges accruing through the date of payment as provided for in the Note) was $2,487,662.28, consisting of principal in the amount of $2,459,785.79 and interest in the amount of $27,876.49.

24.     Plaintiff has satisfied all of its obligations under the Loan Documents and the Guarantees.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Breach of Guarantee - Flom)**

25. Plaintiff repeats and realleges the allegations in paragraphs 1 through 24 as if fully set forth herein.

26. Under the Flom Guarantee, Plaintiff is entitled to contractual money damages from Flom as provided therein, for the amounts due and owing under the Note as well as any and all additional damages specified as a remedy after default.

27. The Flom Guarantee provides that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

28. Plaintiff has performed any and all conditions and obligations required of it under the Flom Guarantee.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Flom in the amount due under the Note of not less than $2,487,662.28, the exact amount to be proven, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

### SECOND CAUSE OF ACTION
**(Breach of Guarantee - Nilva)**

29. Plaintiff repeats and realleges the allegations in paragraphs 1 through 28 as if fully set forth herein.

30. Under the Nilva Guarantee, Plaintiff is entitled to contractual money damages from Nilva as provided therein, for the amounts due and owing under the Note as well as any and all additional damages specified as a remedy after default.

31. The Nilva Guarantee provides that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

32. Plaintiff has performed any and all conditions and obligations required of it under the Nilva Guarantee.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Nilva in the amount due under the Note of not less than $2,487,662.28, the exact amount to be proven, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

### THIRD CAUSE OF ACTION
### (Breach of Guarantee - Boyko)

33. Plaintiff repeats and realleges the allegations in paragraphs 1 through 32 as if fully set forth herein.

34. Under the Boyko Guarantee, Plaintiff is entitled to contractual money damages from Boyko as provided therein, for the amounts due and owing under the Note as well as any and all additional damages specified as a remedy after default.

35. The Boyko Guarantee provides that Plaintiff shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

36. Plaintiff has performed any and all conditions and obligations required of it under the Boyko Guarantee.

WHEREFORE, Plaintiff prays that this Court enter a judgment in its favor and against Boyko in the amount due under the Note of not less than $2,487,662.28, the exact amount to be proven, plus its attorneys' fees, costs, and interest, together with such other and further relief as shall be just and equitable.

Dated: New York, New York
July 20, 2017

        Respectfully submitted,

        REED SMITH LLP

        By: /s/ *Christopher A. Lynch*
            Christopher A. Lynch

        599 Lexington Avenue
        New York, New York 10022
        Tel: (212) 521-5400
        Fax: (212) 521-5450
        Email: clynch@reedsmith.com

        *Attorney for Plaintiff TD Bank, N.A.*